IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Angelica Bowns, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  12 C 6597 |
| National Credit Audit Corporation, an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Angelica Bowns, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Angelica Bowns ("Bowns"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for rental of an apartment.

4. Defendant, National Credit Audit Corporation ("NCAC"), is an Illinois

corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, NCAC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant NCAC is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, records from the Illinois Secretary of State, attached as Exhibit A. In fact, NCAC conducts business in Illinois.

6. Defendant NCAC is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant NCAC acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. On May 12, 2012, Ms. Bowns filed a Chapter 7 bankruptcy petition in a matter styled In re: Bowns, N.D. Ill. Bankr. No. 12-19425. Among the debts listed on Schedule F of Ms. Bowns' bankruptcy petition was a debt she allegedly owed to IBF Property Management, see, excerpt of bankruptcy petition attached as Exhibit C.

8. Accordingly, on May 16, 2012, the creditor (IBF Property Management) was sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit D. Moreover, the fact of her bankruptcy was noted on Ms. Bowns' credit history.

9. Nonetheless, Defendant NCAC sent Ms. Bowns a collection letter, dated July 27, 2012, demanding payment of the debt she had owed for rent prior to the

bankruptcy. This letter also claimed that a negative report had been made of her credit history and falsely states that this negative report could remain on her credit history for up to seven years. A copy of this collection letter is attached as Exhibit E

10. All of Defendant NCAC's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

14. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

15. Defendant NCAC's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the bankruptcy and the notice issued by that court (Exhibit D) told Defendant to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant violated § 1692c(c) of the FDCPA.

19. Defendant NCAC's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-11.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

22. Both NCAC and the creditor were given notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with this debt.

4

Moreover, Plaintiff's bankruptcy was a matter of public record in the files of the bankruptcy court and was listed on her credit report and Defendant was aware of Plaintiff's bankruptcy before it sent out the collection letter.

23. By sending a debt collection letter directly to Ms. Bowns, despite notice that she was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

24. Defendant NCAC's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
### Violation Of § 1692e Of The FDCPA --
### False, Deceptive Or Misleading Collection Actions

25. Plaintiff adopts and realleges ¶¶ 1-11.

26. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the threat to take any action that cannot legally be taken or that is not intended to be taken, or the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer, see, 15 U.S.C. § 1692e(5) and § 1692e(10).

27. Due to Plaintiff's bankruptcy the account was no longer eligible to be reported to the credit reporting agencies. By telling Ms. Bowns, in its form collection letter, that NCAC had made a report about the debt to the credit reporting agencies and that this report would remain for seven years, Defendant NCAC made a false, deceptive and misleading representation in an attempt to collect a debt, in violation of § 1692e(5)

5

and § 1692e(10) of the FDCPA. See, Gonzales v. Arrow Financial Services, LLC, 660 F.3d 1055, 1059-1064 (9th Cir. 2011).

28. Defendant NCAC's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Angelica Bowns, prays that this Court:

1. Find that Defendant NCAC's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Bowns, and against Defendant, for actual and statutory damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Angelica Bowns, demands trial by jury.

Angelica Bowns,

By:/s/ David J. Philipps\_\_\_
One of Plaintiff's Attorneys

Dated:  August 17, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

6